IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Thomas Americus Goodall, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:21cv534 (LO/IDD) |
| | ) | |
| Harold Clarke, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Thomas Americus Goodall ("Goodall" or "Petitioner"), a Virginia inmate proceeding pro

se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his six

convictions in the Circuit Court of Chesterfield County, Virginia: four counts of distribution of a

schedule I or II substance, third or subsequent offense; one count of driving while a habitual

offender, second or subsequent offense, in violation of Virginia Code § 46.2-357; and one count

of conspiracy to commit a third or subsequent distribution of a schedule I or II substance offense.

[Dkt. No. 1]. Respondent has filed a Motion to Dismiss, with a supporting brief and exhibits.

[Dkt. Nos. 8, 10]. Petitioner was notified of his right to respond after receiving the notice

required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 9], and has responded.

[Dkt. Nos. 16]. Accordingly, this matter is now ripe for disposition. For the reasons that follow,

respondent's Motion to Dismiss must be granted, and the petition will be dismissed.

### I. Procedural History

On December 7, 2016, a jury sitting in the Circuit Court of Chesterfield County found

Goodall guilty of four counts of the distribution of a schedule I or II substance, third or

subsequent offense, in violation of Virginia Code § 18.2-248; one count of driving while a

habitual offender, second or subsequent offense, in violation of Virginia Code § 46.2-357; and

one count of conspiracy to commit a third or subsequent distribution of a schedule I or II

substance offense, in violation of Virginia Code §§ 18.2-248 and 18.2-256. On March 23, 2017,

he was sentenced to ten years on each of the distribution charges and the conspiracy charge, and

one year on the driving while a habitual offender charge, for a total of 51 years. The sentencing

order was entered April 10, 2017. Commonwealth v. Goodall, Case Nos. CR16F014280-01

through -04, CR16F014280-06 through -07.

Goodall appealed his convictions to the Court of Appeals of Virginia, raising the

following allegations of error:

> I. The trial court abused its discretion by denying his motion to continue to obtain
> the presence of a witness;
>
> II. The trial court abused its discretion in denying petitioner's motion for a
> mistrial based on a juror's ex-parte communications with the prosecution;
>
> III. The evidence was insufficient on the conspiracy charge;
>
> IV. The trial court erred in giving a jury instruction on venue.

Goodall v. Commonwealth, Record No. 0725-17-2 ("CAV R. at __"). The Court of Appeals

denied his petition for appeal by order dated December 7, 2017, and the Supreme Court of

Virginia refused his subsequent appeal on September 6, 2018. Goodall v. Commonwealth,

Record No. 180031 ("VSCT R. at __").

On August 28, 2019, Goodall filed a petition for a writ of habeas corpus in the Circuit

Court of Chesterfield County, which raised the following claims:

> 14(a) Ineffective assistance of counsel as counsel did not properly prepare the
> defense for witnesses in the Petitioner's favor to properly confront other
> witnesses, and properly raise the issues on appeal "by design."
>
> 14(b) Petitioner's right to a fair and impartial judge under the Sixth Amendment
> was violated as the judge would not allow a continuance for a substantial
> witness.
>
> 14(c) Prosecutorial misconduct and a violation of the Fifth Amendment for
> fraud on the court by presenting insufficient evidence to the grand jury to
> obtain an indictment.

2

14(e)   The evidence was insufficient to prove the conspiracy charge and the possession with intent to distribute charge.

14(f)   The jury pool was tainted by the failure to remove a jury member who was biased.

(1)   The trial court abused its discretion in denying petitioner's motion for a continuance to obtain a material witness.

(2)   The trial court abused its discretion in denying a motion for a mistrial.

(3)   The trial court erred in finding that the evidence was sufficient to convict petitioner of conspiracy.

(4)   The trial court erred in granting the Commonwealth's jury instruction regarding venue.

(5)   The trial court failed to establish subject matter jurisdiction.

(6)   The Commonwealth and trial court violated petitioner's Fifth and Fourteenth Amendment rights because petitioner had only been convicted of one prior similar offense.

(7)   The jury erred in concluding that the evidence sufficiently established two prior distribution convictions.

(8)   Ineffective assistance of counsel for failing to object to the evidence and testimony admitted during the testimony of Detective Kline.

(9)   The trial court erred when it admitted hearsay without giving petitioner a chance to cross examine or confront the accuser.

(10)  Ineffective assistance of counsel for failing to object to the trial court's instruction that petitioner had already been convicted of a third offense of distribution.

(11)  The trial court erred when it allowed unsigned indictments to be used to convict petitioner.

(12)  The trial court erred when it sentenced petitioner to conspiracy to distribute, third offense, and sentenced him to a mandatory 10-year incarceration term when petitioner was only charged with conspiracy to distribute, first offense.

Goodall v. Woodson, Case No. CL19HC-3168 (hereinafter "Hab. R. at __"). The circuit court

dismissed the petition by order dated December 19, 2019, and the Supreme Court of Virginia

denied his petition for appeal on dated April 2, 2021. Goodall v. Woodson, Record No. 200434.

On April 16, 2021, Goodall filed the instant petition for a writ of habeas corpus, which

alleges the following grounds for federal habeas corpus relief:

3

(1)   Ineffective assistance of counsel, as counsel failed to file a motion to have Detective Davis appear in court, Davis testified at the grand jury but never in court;

(2)   Ineffective assistance of counsel as counsel did not file a motion to challenge the validity of the indictments;

(3)   Ineffective assistance of counsel, as counsel failed to object during sentencing to the "third offense conspiracy charge conviction;"

(4)   Ineffective assistance of counsel as counsel failed to object to trial court's bias, shown by the court's removing the prosecution's burden to show a hearsay exception;

(5)   The trial court abused its discretion by denying petitioner's motion for a continuance to obtain the presence of a material witness;

(6)   The trial court abused its discretion by denying petitioner's motion for a mistrial due to a juror's ex-parte communication with the prosecution;

(7)   The trial court erred in holding that the evidence was sufficient to prove conspiracy;

(8)   The evidence was insufficient to prove a third distribution offense;

(9)   The evidence was insufficient to establish two prior convictions of distribution;

(10)  The trial court erred by admitting into evidence a hearsay statement without giving petitioner a chance to confront the declarant;

(11)  The court erred when it allowed unsigned indictments to be used which resulted in the court lacking subject matter jurisdiction;

(12)  Ineffective assistance due to counsel's failure to create any defense and a lack of due diligence;

(13)  Ineffective assistance of counsel as counsel did not object to Detective Kline's evidence and testimony;

(14)  Ineffective assistance of counsel as counsel failed to investigate facts and failed to object to a video tape;

(15)  Ineffective assistance of counsel as counsel failed to object to the jury instruction that petitioner had already been convicted of a third offense drug distribution charge;

(16)  Lack of subject matter jurisdiction;

(17)  The trial court violated Rule 3A:24 of the Supreme Court of Virginia and petitioner's Fifth and Fourteenth Amendment rights by entering an order that contained no findings of fact or conclusions of law.

[Dkt. No. 1 at 5-33].

4

## II. Exhaustion

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). Exhaustion requires that a petitioner must have presented "'both the operative facts and the controlling legal principles'" to the state's highest court. Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)); see also Valentino v. Clarke, 972 F.3d 560, 575 (4th Cir. 2020) ("it would be unseemly" for federal court "to upset a state court conviction without an opportunity for the state courts to correct a constitutional violation") (citation and internal quotation marks omitted). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews, 105 F.3d at 910-11. The burden of proving that a claim is exhausted lies with the habeas petitioner." Pruett, 134 F.3d at 619; see also Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

The inconsistent numbering scheme used by the petitioner in state habeas makes the exhaustion process more complex than necessary. Accordingly, for clarity, each federal claim will be discussed individually with regard to exhaustion, any applicable default, and its merit.

## III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a federal court may not grant a state prisoner's habeas application unless the relevant state-court decision 'was

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Knowles v. Mirzayance, 556 U.S. 111, 121 (2009). "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 571 U.S. 12, 20 (2013).

An unreasonable application of federal law is not the same as an incorrect application. "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007); accord Renico v. Lett, 559 U.S. 766, 772-73 (2010). That is, the state court's judgment "must be objectively unreasonable, not merely wrong; even clear error will not suffice." White v. Woodall, 572 U.S. 415, 419 (2014) (internal quotations and citation omitted); see Harrington v. Richter, 562 U.S. 86, 103 (2011) (state decision is unreasonable application of federal law only if ruling so "lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fair[-]minded disagreement").

This "highly deferential standard ... demands that state court decisions be given the benefit of the doubt." Renico, 559 U.S. at 773 (internal quotations and citations omitted). "The required deference encompasses both the state court's legal conclusions and its factual findings." Lenz v. Washington, 444 F.3d 295, 299 (4th Cir. 2006). "[A] determination on a factual issue made by a State court shall be presumed correct." Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003) (quoting 28 U.S.C. § 2254(e)(1)). "In reviewing a habeas petition, federal courts must presume the correctness of a state court's factual determinations unless the habeas petitioner rebuts the presumption of correctness by clear and convincing evidence." Green v. Johnson, 515 F.3d 290, 299 (4th Cir. 2008). See Schriro, 550 U.S. at 473-74.

6

Claims of ineffective assistance of counsel are determined based on the highly demanding standard set forth for such claims in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the petitioner has the burden to show both that his attorney's performance was deficient and that he was prejudiced as a result. See Strickland, 466 U.S. at 687.

A "doubly deferential judicial review" applies to "a Strickland claim evaluated under the § 2254(d)(1) standard." Knowles, 556 U.S. at 123; see also Woods v. Etherton, 136 S. Ct. 1149, 1151 (2016); Burt, 571 U.S. at 15. Put another way, federal courts on habeas review give the benefit of the doubt to the state courts and to defense counsel. Woods, 136 S. Ct. at 1151. "Section 2254(d) codifies the view that habeas corpus is 'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Valentino, 972 F.3d at 581 (quoting Harrington, 562 U.S. at 102-03) (additional citation omitted).

Strickland's first prong, the "performance" inquiry, "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. A federal court reviewing a habeas petition indulges a "strong presumption" that counsel's conduct fell within the "wide range of reasonable professional assistance." Id. at 689. The "basic lesson" of Strickland is that "judicial scrutiny" of counsel's performance must be "highly deferential." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014) (citation omitted). Attorneys "are permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." Id.

Strickland's second prong, the "prejudice" inquiry, requires showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a

"probability sufficient to undermine confidence in the outcome." Id. "The likelihood of a different result must be substantial, not just conceivable." Valentino, 972 F.3d at 580 (quoting Harrington, 562 U.S. at 86); accord Shinn v. Kayer, 141 S. Ct. 517, 523 (2020). The question is whether the state court, which has "substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fair[-]minded jurist would disagree." Mays v. Hines, 141 S. Ct. 1145, 1149 (2021) (citation omitted).

The two-pronged Strickland test also applies to claims of ineffective appellate counsel. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). An ineffective counsel claim may be disposed of on either prong of the Strickland test. See Jones v. Clarke, 783 F.3d 987, 991-92 (4th Cir. 2015); Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

*A. Ground 1*

Respondent contends that Ground 1, ineffective assistance of counsel for not subpoenaing Detective Davis for trial, is not exhausted. While raised as a substantive claim in state habeas, it was also raised as an ineffective assistance claim. (Hab. R. at 5, ℙ 16(b); at 383). Petitioner filed a response to the motion to dismiss in state habeas that expressly clarified that his petition raised ineffective assistance claims with regard to each of the substantive claims raised in the state petition. (Id. at 368; see also (Id. at 5, ℙ 16(b) (state habeas petition). The circuit court dismissed the habeas, but adopted the respondent's characterization of the claims, which omitted the ineffective assistance component for each substantive claim. Ground one, although not ruled upon, was raised in state habeas. "When a claim has not been adjudicated on the merits by the state court, a federal court reviews the claim de novo." Winston v. Kelly, 592 F.3d 535, 553-54 (4th Cir. 2010) (citing Cone v. Bell, 556 U.S. 449, 472 (2009); Monroe v. Angelone, 323 F.3d 286, 297 (4th Cir. 2003); Wilson v. Workman, 577 F.3d 1284, 1290 (10th Cir. 2009); Pike v.

8

Guarino, 492 F.3d 61, 67 (1st Cir. 2007); Drake v. Portuondo, 321 F.3d 338, 345 (2d Cir. 2003).

Ground 1 alleges Goodall's counsel was ineffective because he failed to subpoena

Detective Davis for trial even though he was the witness listed on the grand jury indictments.

[Dkt. No. 1 at 5]. He alleges that the failure to have Detective Davis testify deprived him of his

right to confrontation. Goodall's claim has no merit.

A grand jury witness frequently provides hearsay testimony and summarizes the criminal

investigation. The grand jury

> "does not sit to determine the truth of the charges brought against a defendant, but
> only to determine whether there is probable cause to believe them true, so as to
> require him to stand trial." Bracy v. United States, 435 U.S. 1301, 1302 (1978)
> (Rehnquist, J., in chambers). Accord, Hannah v. Larche, 363 U.S. 420, 499 (1960)
> ("The grand jury merely investigates and reports. It does not try.").

United States v. Udziela, 671 F.2d 995, 1000 (7th Cir. 1982); see also United States v. Williams,

504 U.S. 36, 50-55 (1992) (holding that the government is not required to present exculpatory

evidence to the grand jury). Goodall has not shown that Detective Davis had any firsthand

knowledge of any evidence relating to his case. An attorney is not ineffective for failing to

subpoena a witness who does not possess admissible and relevant testimony. See United States v.

Terry, 366 F.3d 312, 317-18 (4th Cir. 2004) (counsel's decision not to call certain witnesses was

reasonable based upon his professional judgment); Goodson v. United States, 564 F.2d 1071,

1072 (4th Cir. 1977) (the failure to call witnesses is a tactical decision that generally does not

amount to ineffective assistance of counsel). It is well recognized that tactical decisions, such as

which witness to call, are "virtually unchallengeable." Powell v. Kelly, 562 F.3d 656, 670 (4th

Cir. 2009) (quotation marks omitted). Moreover, since Detective Davis testified at the grand jury

proceeding and the grand jury returned true bills, the record allows the inference that any

evidence Detective Davis had was inculpatory. An attorney is not ineffective for adding

additional evidence that favors the prosecution.

In any event, Goodall has not proffered what Detective Davis would have testified to if he had been called as a witness. As noted it is likely his testimony would have been unfavorable, but petitioner's failure to show what Detective Davis would have testified to is fatal to the required showing of prejudice. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (petitioner must proffer the identification of potential witnesses and their specific testimony that allegedly would have been favorable); see also Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) (an ineffective assistance claim must present specific information to show what favorable evidence the attorney failed to discover and present); cf. Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996) ("if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial"). Ground 1 fails to state a claim of ineffective assistance of counsel under Strickland v. Washington and will be dismissed.

### B. Ground 2

Ground 2 alleges Goodall's attorney was ineffective for not challenging the indictments upon which he was tried because he alleges they were not signed. The record establishes that the indictments upon which Goodall was tried and convicted were signed by the foreman.[1] (R. at 3-10). Ground 2 will be dismissed for failing to establish a claim of ineffective assistance of counsel under either prong of Strickland v. Washington.

### C. Ground 3

Ground 3 alleges counsel was ineffective because he failed to object during sentencing to the "third offense conspiracy charge conviction." This claim was raised in the state habeas

---

[1] See also Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989) ("if federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceedings are a fortiori foreclosed in a collateral attack brought in a federal court.").

petition (Hab. R. at 5, ⁋ 16(b); at 383), and was not ruled upon. Accordingly, the matter will be reviewed de novo.

Goodall was indicted for conspiracy to distribute on or about February 16, 2016. (R. at 9) (citing Va. Code §§ 18.2-256 and 18.2-248). The conspiracy indictment alleges that he had been previously convicted of two or more distribution offenses. The punishment for conspiracy is "imprisonment or fine or both *which may not be less than the minimum punishment nor exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy*." Va. Code Ann. § 18.2-256 (emphasis added). The offense that was the object of the conspiracy was the distribution of a Schedule I or II substance and due to his prior convictions, his indictment charged the prescribed offense as a third offense. (R. at 3, 5-8).

The verdict form indicates the jury found the petitioner "guilty of the crime of conspiracy to distribute a Schedule I or II controlled substance — third offense, on or about February 16, 2016, as charged in the indictment." (R. at 199). Instruction No. 43 for sentencing states the Goodall had been "found guilty of the crime of conspiracy to distribute a Schedule I or II controlled substance — third offense, on or about February 16, 2016, as charged in the indictment," and set forth a range of punishment "for life, or for a specific term, but not less than ten (10) years." (R. at 205). The jury sentenced Goodall to ten years in prison for his conspiracy conviction, which was imposed on January 18, 2017. (R. at 200, 220-21).

Within the context of recidivist statutes, Virginia uses such statutes "to protect society against habitual offenders.... by impressing upon the offender that a second or subsequent conviction for a felonious offense will carry an increased sentence." Stubblefield v. Commonwealth, 392 S.E.2d 197, 198 (Ct. App. Va. 1990). Goodall was on notice that the Commonwealth sought to convict him for the enhanced punishment provided by Code § 18.2-

248. See McKinley v. Commonwealth, 225 S.E.2d 352, 353-54 (Va. 1976) ("where an offense is punishable with a higher penalty, because it is a second or subsequent offense of the same kind, the more severe punishment cannot be inflicted unless the indictment charges that it is a second or subsequent offense. Under rules of criminal pleading the indictment must contain an averment of facts essential to the punishment to be inflicted.").[2]

In Virginia, a conspiracy is defined as "an agreement between two or more persons by some concerted action to commit an offense." Cartwright v. Commonwealth, 288 S.E.2d 491, 492 (Va. 1982). The conspiracy statutes are interpreted within the context of its General Assembly's determination "that all conspiracies are not the same" and that "[c]onspiracies to commit more serious crimes are punished more severely" with "each to be punished according to the severity of the criminal objective." Cartwright, 288 S.E.2d at 493, 494. The Supreme Court of Virginia concluded

> that the legislature, in enacting § 18.2-256, determined that all drug conspiracies are not the same. Conspiracies to commit more serious drug offenses are to be punished more severely. The legislative intent is implicit in the statutory reference to punishment "which may not be less than the minimum punishment nor exceed the maximum punishment prescribed for the offense, the commission of which was the object of the conspiracy." To determine the applicable penalty in an agreement to distribute marijuana, cocaine, and preludin, there must be reference to the penalty for each of the individual substantive offenses that are the objects of the conspiracy.

Wooten v. Commonwealth, 368 S.E.2d 693, 695 (1988). Based upon Virginia law, the indictments gave Goodall fair notice he would be subjected to enhanced punishment for the

---

[2] Further, in Virginia enhanced punishment may be applied even if

> there are multiple convictions for separate offenses in a simultaneous prosecution…[because] [t]he purpose of the enhanced punishment provision of Code § 18.2-248(C) is to halt and punish those who repeatedly sell drugs. To construe the statute [otherwise] would enable an offender to engage in a spree of drug sales over an extended period of time prior to his apprehension and to receive the status of a first offender as to each violation.

Mason v. Commonwealth, 430 S.E.2d 543, 544 (Ct. App. Va. 1993); see Doss v. Commonwealth, 719 S.E.2d 358, 366 (Ct. App. Va. 2012) (same).

conspiracy indictment because of his prior convictions and the verdict form and jury instruction were consistent with Virginia law. The averment of the facts essential to the punishment to be inflicted was required to be included in the indictment to give petitioner fair notice of the possible enhanced punishment. Petitioner has not identified any Virginia law to the contrary, and thus has not identified any basis for counsel to have objected to the indictment, his conviction, or his sentence. Ground 3 will be dismissed for failure to state a claim of ineffective assistance of counsel under either prong of Strickland v. Washington.

     *D. Ground 4*

     Respondent asserts the petitioner did not raise Ground 4, which alleges counsel was ineffective for not objecting to the trial court's bias in relieving the prosecution of its burden to establish a statement fell within an exception to the prohibition against hearsay [Dkt. No. 1 at 10], in his state habeas petition. Respondent is incorrect. In his response to the motion to dismiss in state court, Goodall stated counsel was ineffective because he failed "to object to the error the trial court did when it took the burden off the prosecution to show that the statement falls within one of the exceptions for hearsay." (Hab. R. at 384).Ground 4 will be reviewed de novo.

     At trial, contrary to Goodall's claim, his counsel objected on hearsay grounds when the witness testified an informant said, "There he is…" (T. at 109). The prosecutor responded that the testimony was not offered for the truth of the matter, but only to explain what the detective did next (which was look at the petitioner as he walked toward the detective's vehicle). The trial judge overruled the objection and instructed "the jury that the statement this person related from another person, allegedly, doesn't prove the truth of the statement … but to explain further conduct or action by this witness." (Id.).

First, the statement was not admitted for the truth of the matter. Second, the ruling does not reflect any bias on the part of the trial judge, and any objection on such grounds would have been frivolous. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) ("Counsel is not required to engage in the filing of futile motions."). In addition, the admission of the statement did not result in any prejudice to the defendant. Ground 4 will be dismissed for failure to state a claim of ineffective assistance of counsel under either prong of Strickland v. Washington.

### E. Ground 5

In Ground 5, Goodall alleges the trial court abused its discretion by denying his motion for a continuance to obtain a material witness. Counsel alleged the trial court erred in denying the motion for a continuance as Assignment of Error I in the petition for appeal filed in the Virginia Court of Appeals, which denied the assertion of error stating as follows:

> On December 6, 2016, the first day of trial, appellant's counsel requested a continuance. Appellant had informed his counsel on the morning of trial of the existence of a witness appellant wanted to testify at his trial. Appellant's counsel had not spoken to the witness, and he told the trial court, "I don't know what he's going to say." Appellant's counsel indicated that he had "an idea" of what he "believe[d]" the witness would say. The prosecutor stated the case had "been going on for a number of months," she was prepared to go forward, she had twelve witnesses present, and the case had been twice continued, once on motion of the Commonwealth.
>
> The trial court denied the request for the continuance, noting that appellant's counsel was appointed several months prior to the date of trial. The trial court found there had been "ample time" for appellant advise his counsel of any witnesses he believed would assist him in his defense, and appellant had provided no information as to why he was prevented from making a "more timely disclosure" of the prospective witness. The trial court concluded that appellant's conduct of informing his counsel about the witness on the morning of the trial was "untimely." Thus, the trial court found no good cause to grant the continuance, and it denied the motion.
>
> After the trial court ruled on the motion and during a colloquy with the trial court, appellant indicated he was unprepared for trial because the witness was not present. After conferring with appellant, appellant's counsel asked if he could proffer to the trial court what the witness was expected to say. The trial court stated that its prior ruling was not based on whether the witness was a material witness, but rather was based upon appellant's untimely disclosure to his counsel

concerning the existence of the witness. Appellant's counsel proffered that the witness was a trained surveyor who would testify that the offenses took place in the City of Richmond, not in Chesterfield County. Appellant's counsel again clarified that the proffer was based on information from appellant, and appellant's counsel had not spoken to the witness.

"In determining whether the trial court properly exercised its discretionary powers, we look to the diligence exercised by the moving party to locate the witness and secure his attendance at trial." Cherricks v. Commonwealth, 11 Va. App. 96, 99-100, 396 S.E.2d 397, 399 (1990). The moving party bears the burden of establishing due diligence. McDonnough v. Commonwealth, 25 Va. App. 120, 127, 486 S.E.2d 570, 573 (1997). Moreover, "due diligence requires, at a minimum, that a party attempt to subpoena the witness or provide a reasonable explanation why a subpoena was not issued." Id. at 129, 486 S.E.2d at 574.

Here, the record shows that the trial date was originally set for August 9, 2016, and it was continued on two occasions. The trial took place on December 6 and 7, 2016. Appellant's counsel was appointed in June of 2016. Thus, appellant had approximately six months to prepare for the trial and to inform his counsel of any potential witnesses. Furthermore, appellant offered no explanation as to why he first informed his counsel about the potential witness on the date of trial. Considering the circumstances of this case and the fact that there was no evidence presented to explain why appellant's request for a continuance was so untimely, the trial court did not abuse its discretion in denying the motion for a continuance

(CAV R. at 58-59). the Supreme Court of Virginia summarily refused the subsequent appeal.

Ground 5 has no merit.

"When a denial of a continuance is the basis for a habeas petition, the petitioner must show an abuse of discretion that was so arbitrary and fundamentally unfair as to violate the constitutional principles of due process. Skillern v. Estelle, 720 F.2d 839, 850 (5th Cir. 1983). Accordingly, to prevail, a petition must show that the failure to grant a continuance harmed the defense." United States v. Pollani, 146 F.3d 269, 272 (5th Cir. 1998).

Newton v. Dretke, 371 F.3d 250, 255 (5th Cir. 2004). The "material witness" Goodall sought was a surveyor who would have testified that the offense occurred outside of the territorial jurisdiction of the Chesterfield County Circuit Court, and that the location of the crime was in the City of Richmond, Virginia. The evidence at trial established that venue for trial of the offense was in Chesterfield County.

In Virginia, it is the prosecution's burden to establish venue.

"Proof of venue 'is not a part of the crime.' Thus, the prosecution need not 'prove where the crime occurred beyond a reasonable doubt, since venue is not a substantive element of a crime." Instead, to establish venue the Commonwealth need only "produce evidence sufficient to give rise to a 'strong presumption' that the offense was committed within the jurisdiction of the court." "The Commonwealth may prove venue by either direct or circumstantial evidence. In either case, the evidence must be sufficient to present a 'strong presumption that the offense was committed within the jurisdiction of the Court.'"

Bonner v. Commonwealth, 745 S.E.2d 162, 164-65 (Ct. App. Va. 2013) (citations omitted);

Taylor v. Commonwealth, 708 S.E.2d 241, 243 (Ct. App. Va. 2011) (on appeal, in determining if

the Commonwealth "proved venue," the evidence is viewed "in the light most favorable to the

Commonwealth"). In addition, venue may lie in multiple jurisdictions, which is true of charges

involving a conspiracy, Brown v. Commonwealth, 390 S.E.2d 386, 390 (Ct. App. Va. 1990), and

possession of illegal drugs, which constitutes a continuing offense. Hylton v. Commonwealth,

723 S.E.2d 628, 632 (Ct. App. Va. 2012). The facts of this case establish petitioner was part of a

conspiracy to distribute drugs in Chesterfield County.

Detective Partin testified at trial that on January 20, 2016, he was at an Exxon gas station

at 2708 Buford Road in Chesterfield County. An informant purchased heroin from Goodall at the

Exxon station. (T. at 109-15). On January 22, 2016, Detective Partin was present for a second

controlled buy from Goodall that took place at a Wawa gas station on Forest Hill Avenue that

was just over the Chesterfield County line in the City of Richmond. (T. at 168-73). On January

28, 2016, Detective Partin was present for a third controlled buy from Goodall by an informant at

the same Wawa. (T. at 203-08). Detective Kline testified that he measured the distance from the

lot next to and slightly further away from the Chesterfield County line than the Wawa, and

determined that distance was .4 miles. (T. at 190-99). Aerial photographs and maps were also

introduced.

The several offenses took place within one mile of the border of Chesterfield County and Virginia Code § 19.2-250(A), provides that "the jurisdiction of the corporate authorities of each town or city, in criminal cases involving offenses against the Commonwealth, shall extend within the Commonwealth one mile beyond the corporate limits of such town or city."[3] See, e.g., Wardrett v. Clarke, No. 2:18cv637, 2019 U.S. Dist. LEXIS 202916, *14 (E.D. Va. Oct. 10, 2019) (dismissing claim that the circuit court lacked jurisdiction and venue as without merit because the arrest was made within one mile of the court's boundary) (citing Va. Code 19.2-250(A)), adopted by, 2019 U.S. Dist. LEXIS 201941 (E.D. Va. Nov. 20, 2019); Wilkerson v. Clarke, No. 2:15cv396, 2017 U.S. Dist. LEXIS 118958, *21 (E.D. Va. June 19, 2019) (dismissing claim that alleged the circuit court lacked jurisdiction and venue over the offense because the detectives testified that the location at which petitioner sold drugs was located in the City of Richmond within two-tenths of a mile from the Chesterfield County line) (citing Va. Code 19.2-250(A)), adopted by, 2017 U.S. Dist. LEXIS 118939 (E.D. Va. July 28, 2019), appeal dismissed, 709 F. App'x 187 (4th Cir. 2018); Bista v. Commonwealth, 2015 Va. App. LEXIS 380, *8 (Ct. App. Va. 2015) (affirming conviction in the City of Williamsburg finding because even though the offense occurred in York County venue for the offense was proper in Williamsburg because the offense "occurred within one mile of the City of Williamsburg boundary") (citing Va. Code § 19.2-250(A)).

The record establishes that Chesterfield County Circuit Court was a proper venue and that it had jurisdiction to try Goodall on the indictments. The dismissal of Ground 5 was not contrary to or an unreasonable application of clearly established federal law, nor was the

---

[3] There is also a specific subsection for cases involving Chesterfield County and the City of Richmond. See Va. Code § 19.2-250(B) ("Notwithstanding any other provision of this article, the jurisdiction of the authorities of Chesterfield County and Henrico County, in criminal cases involving offenses against the Commonwealth, shall extend one mile beyond the limits of such county into the City of Richmond.").

decision based on an unreasonable determination of the evidence presented in the trial court

under 28 U.S. Code § 2254(d) and will be dismissed.

### F. Ground 6

In Ground 6, Goodall alleges the trial court abused its discretion by denying his motion

for a mistrial due to a juror's ex-parte communication with the prosecution during trial. The state

appellate courts determined the alleged error had no merit.[4]

> During the testimony of Detective Partin, an objection arose, and the trial court
> excused the jury for a lunch break. As the jury panel was departing the courtroom,
> Juror 322 said to Partin, "Don't leave that in the hallway," pointing to Partin's
> notebook. Appellant's counsel argued the remark was "very improper" and
> showed "maybe a bias" to the Commonwealth. Appellant requested a mistrial.
> The trial court took the matter under advisement until the conclusion of the lunch
> break when the trial court intended to question the juror.
>
> After the lunch break, the prosecutor informed the trial court that Juror 322 had
> again spoken to Partin in the hallway. Juror 322 said he did not mean to get Partin
> into trouble, but he wanted to make sure Partin did not leave in the hallway his
> notebook containing information concerning confidential informants. The
> prosecutor also stated that Juror 322 stopped her in the hallway, and he asked if
> she had run for office, stating that she "looked familiar." Appellant renewed the
> motion for a mistrial, arguing that the three communications showed the juror's
> "clear bias" to the Commonwealth.
>
> The trial court noted it had not instructed the jurors to have no communications
> with counsel or the parties, thus, the juror had not violated a court order. The trial
> court also found that the remark to the prosecutor did not have any "legal
> significance" and did not support a motion for a mistrial. As to the juror's remark
> about Partin's notebook, the trial court noted that, while testifying, Partin stated

---

[4] In Virginia,

> "a mistrial will not be declared automatically upon a showing of juror misconduct, but that the
> trial judge, in the exercise of a sound discretion, must determine whether remarks made about the
> case by a juror to persons not jurors demonstrate that prejudice might result. The burden to
> establish this probability of prejudice is upon the party moving for a mistrial. This view is based
> upon the universal rule that fraud will not be presumed and upon the reluctance to presume
> prejudicial misconduct."

Galumbeck v. Lopez, 722 S.E.2d 551, 554 (Va. 2012) (citation omitted). In addition, denial of a mistrial is not an
abuse of discretion where the juror at issue is released and did not participate in the guilty verdict. Riner v.
Commonwealth, 601 S.E.2d 555, 566 (Va. 2004) (holding no prejudice because the juror "was discharged from jury
service; so he did not participate in the deliberations that resulted in the guilty verdict") (citing Gray v.
Commonwealth, 356 S.E.2d 157, 171 (1987) (finding no prejudice where an alternate juror who failed to respond to
voir dire question about family members employed in law enforcement was released from the panel before the case
was submitted to the jury and did not participate in the jury's deliberations).

his notebook was in the hallway. Thus, the juror's comment to Partin to not leave the notebook in the hallway may have been more of a criticism than a compliment. The trial court stated the juror's final remark to Partin, "I didn't mean to get you in trouble" also confirmed its belief that the juror had offered constructive criticism to the detective. Thus, the trial court found there was no prejudice to appellant and "no reason at all to think that that somehow tainted the rest of the pool." The trial court later admonished the jury to have no communications with any participant in the trial.

At the conclusion of the first day of trial, appellant renewed his motion for a mistrial, stating that Juror 322 had waved good-bye to the prosecutor when the jury was excused for the day. At the start of the second day of trial, the trial court informed counsel it had released Juror 322 from the jury based on the four incidents viewed collectively. The trial court "sequestered" the juror when he entered the courthouse on the second day of trial, keeping him apart from the rest of the jury members. The trial court again denied the motion for a mistrial, finding no evidence of taint or prejudice created with the remaining Jurors and noting that the conduct took place when the jury was exiting the courtroom or in the hallway so that most of the jurors probably did not witness the conduct.

"The mere fact of juror misconduct does not automatically entitle either litigant to a mistrial." Riner v. Commonwealth, 268 Va. 296, 317, 601 S.E.2d 555, 567 (2004) (quoting Robertson v. Metro. Wash. Airport Auth., 249 Va. 72, 76, 452 S.E.2d 845, 847 (1995)). "[T]he party moving for a mistrial has the burden to establish that juror misconduct 'probably resulted in prejudice.'" Id. (citing Robertson, 249 Va. at 76; 452 S.E.2d at 847). "The trial court, in the exercise of its discretion, makes that determination." Id. (citing Robertson, 249 Va. at 76, 452 S.E.2d at 847).

On this record, we cannot say the trial court abused its discretion in denying the motion for a mistrial. As noted by the trial court, the incidents took place when the jury was in transition, thus, making it less likely that other members of the jury observed the juror's conduct. Furthermore, the trial court released Juror 322 at the beginning of the second day of trial and prevented the juror from having contact with the other jury members on that date.

In his petition for appeal, appellant asserts the trial court used an incorrect standard in ruling on the motion for a mistrial. However, appellant did not present this argument to the trial court. Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." Creamer v. Commonwealth, 64 Va. App. 185, 195, 767 S.E.2d 226, 231 (2015). Accordingly, Rule 5A:18 bars our consideration of this argument on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, sua sponte, a "miscarriage of justice" argument under Rule5A:l8.

(CAV R. at 59-61).

Like Virginia, the Fourth Circuit evaluates a claim a district court erred in denying a motion for a mistrial based on allegations of juror misconduct for abuse of discretion. United States v. Timmons, 233 F. App'x 206, 214 (4th Cir. 2007) (citing United States v. O'Neal, 180 F.3d 115, 118 (4th Cir. 1999)). "The decision to substitute an alternate juror is committed to the sound discretion of the trial court." United States v. Corsino, 812 F.2d 26, 33 (1st Cir. 1987). A "trial court's exercise of this discretion is not to be disturbed absent a showing of bias or prejudice to the defendant." United States v. Smith, 550 F.2d 277, 285 (5th Cir. 1977). The record reveals no abuse of discretion by the trial court and no prejudice to the defendant.[5] The dismissal of Ground 6 was not contrary to or an unreasonable application of clearly established federal law, nor was the decision based on an unreasonable determination of the evidence presented in the trial court under 28 U.S. Code § 2254(d) and will be dismissed.

### G. Ground 7

In Ground 7,Goodall alleges the trial court erred in holding that the evidence was sufficient to prove conspiracy. A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt

---

[5] The Federal Rules of Criminal Procedure allow for less drastic alternatives to a mistrial, such as replacing a juror with an alternate as the trial judge did in Goodall's case. See Fed. R. Crim. P. 24(c); see also Arizona v. Washington, 434 U.S. 497, 512 n. 31 (1978) (recognizing that one remedy, short of mistrial, "if there is a suggestion of individual juror bias," is to "replace that juror with an alternate").

beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979). The relevant

question in conducting such a review is whether, "after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." <u>Id.</u> at 319 (citation omitted). The critical inquiry on

review of the sufficiency of the evidence to support a criminal conviction is "whether the record

evidence could reasonably support a finding of guilt beyond a reasonable doubt." <u>Id.</u> at 318.

Claims that the evidence was insufficient "face a high bar in federal habeas proceedings because

they are subject to two layers of judicial deference." <u>Coleman v. Johnson</u>, 566 U.S. 650, 651,

(2012). As the Supreme Court of the United States explained in Coleman:

> First, on direct appeal, "it is the responsibility of the jury — not the court — to
> decide what conclusions should be drawn from evidence admitted at trial. A
> reviewing court may set aside the jury's verdict on the ground of insufficient
> evidence only if no rational trier of fact could have agreed with the jury." <u>Cavazos
> v. Smith</u>, 565 U.S. 1, 2 (per curiam). And second, on habeas review, "a federal
> court may not overturn a state court decision rejecting a sufficiency of the
> evidence challenge simply because the federal court disagrees with the state court.
> The federal court instead may do so only if the state court decision was
> 'objectively unreasonable.'" <u>Ibid.</u> (quoting <u>Renico v. Lett</u>, 559 U.S. 766, 773
> (2010)).

The Court of Appeals of Virginia denied Goodall's claim on direct appeal stating as follows:

> [T]he evidence proved that Partin worked in undercover status for the
> vice/narcotics unit of the Chesterfield County. On January 20, 2016, Partin made
> arrangements through a confidential source to purchase heroin from appellant at
> an Exxon gas station. Partin testified the confidential source purchased $240
> worth of heroin from appellant on that date. During the encounter, appellant
> approached the vehicle in which Partin was seated. Appellant told Partin he could
> get appellant's phone number from the confidential source and appellant would
> "hit [him] up." Partin stated the heroin was packaged inside of two folded lottery
> tickets.
>
> Partin also testified that he, acting undercover, purchased heroin from appellant
> on three additional dates in January and February of 2016. These purchases were
> made at a Wawa location, and the heroin was packaged inside folded lottery
> tickets for each purchase. Partin made arrangements to purchase heroin from
> appellant on February 16, 2016, at the Wawa location. Partin was parked at the
> rear of the Wawa building when appellant approached his vehicle and said, "My

girl is in the bathroom getting it ready for you. I will be right back." Appellant walked away from Partin's vehicle, and he entered a van. A police take-down team arrested appellant. Appellant possessed a piece of paper containing white powder consistent with heroin. A detective recovered heroin, digital scales, a cut straw with residue, and bullets from appellant's vehicle. Detective Necolettos conducted surveillance at the Wawa on February 16, 2016. He testified that after appellant was arrested, he saw a woman, Deshawn Holbert, walking around the parking lot, circling the building, "looking over at" the police and "acting suspiciously." Holbert walked into the Wawa, and Necolettos detained her. Necolettos testified that Holbert, who was appellant's girlfriend, possessed "a stack of lottery ticket play slips." Detective Bowen searched the women's restroom at the Wawa, and he found a torn lottery ticket near the top of the trash in a trash can. Partin testified that heroin dealers frequently package heroin inside lottery tickets.

Here, the evidence showed that appellant sold heroin to Partin on several occasions, and, for each sale, the heroin was packaged inside folded lottery tickets. Partin made arrangements to buy heroin from appellant on the afternoon of February 16, 2016 at the Wawa. On that date, appellant met Partin in the Wawa parking lot where he told Partin, "My girl is in the bathroom getting it ready for you. I will be right back." After appellant's arrest, Holbert, appellant's girlfriend, was pacing in the Wawa parking lot. Holbert was looking at the police, and she acted suspiciously. She also possessed "a stack of lottery ticket play slips." In addition, a torn lottery ticket was found in the trash can in the women's bathroom at the Wawa.

"[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." Parham v. Commonwealth, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015). From the evidence of appellant's statement to Partin, Holbert's conduct, and her possession of the lottery ticket play slips, the jury could infer that appellant and Holbert had an agreement to distribute heroin to Partin. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offense.

(CAV. R. at 62-64).

Bearing in mind that it is not the role of a federal court to review or assess the credibility

of a state court witness, see Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008), a thorough

review of the state court records in this case reveals that the state court's decision was not

unreasonable and that a reasonable trier of fact could consider the evidence presented at trial and

conclude that Goodall was guilty beyond a reasonable doubt. The dismissal of Ground 7 was not

contrary to or an unreasonable application of clearly established federal law, nor was the

decision based on an unreasonable determination of the evidence presented in the trial court under 28 U.S. Code § 2254(d) and will be dismissed.

*H. Ground 8*

In Ground (8), Goodall alleges the evidence was insufficient to prove he was guilty of a third distribution offense because the prosecution only established he had one prior conviction. [Dkt. No. 1 at 17]; (Hab. R. at 10, 381). The circuit court found this claim defaulted in state habeas. (Hab. R. 428) (citing Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974)). The subsequent summary dismissal order by the Supreme Court of Virginia states only that it found "no reversible error in the judgment complained of" and refuse the petition for appeal. (VSCT R. at 40). Respondent correctly asserts the claim is exhausted and defaulted.

"The Fourth Circuit has repeatedly recognized that the procedural default rule set forth in Parrigan constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (quoting Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997)); see Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2005) (Slayton v. Parrigan is a procedural bar that "constitutes an adequate and independent state law ground for default" and precludes federal habeas review of the merits of the claim) (citing Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998)). The dismissal of the state claims pursuant to the rule of Slayton v. Parrigan precludes federal review of Stinnett's federal claim unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice. Vinson, 436 F.3d at 417.

Here, the record conclusively proves that Goodall had been previously convicted of two similar offenses prior to the Chesterfield convictions. Petitioner was convicted in the Richmond Division of this Court on January 10, 2000 of possession with intent to distribute cocaine base in

violation of 21 U.S.C. § 841 (offense date April 2, 1999), and also of possession with intent to

distribute heroin in violation of 21 U.S.C. § 841 (October 29, 1998). (R. at 869). Goodall's

argument is refuted by the record. There was no miscarriage of justice. Ground 8 will be

dismissed as defaulted.

*I. Grounds 9, 10, 11, and 16*

In Grounds 9, 10, 11, and 16, Goodall alleges the evidence was insufficient to establish

he was convicted of two prior convictions for distribution; that the trial court erred in admitting a

hearsay statement denying him the right to confrontation; that the trial court erred in trying him

on unsigned indictments; and that the trial court lacked subject matter jurisdiction. Respondent

states each claim was raised in the state petition (state Claims 7, 9, 11, and 5) and dismissed by

the circuit court pursuant to the rule of Slayton v. Parrigan. Respondent, however, does not

address the ineffective assistance portions of the grounds, which were raised in state habeas:

Ground 9 (Hab. R. at 381); Ground 10 (Id. at 382); and Grounds 11 and 16 (Id. at 385).[6]

The substantive portions of each of the four grounds are barred by the dismissal of the

claims in state court pursuant to the rule of Slayton v. Parrigan, which precludes federal habeas

review of the claim. See, supra at 23 (explain Slaton v. Parrigan is an adequate state ground of

procedural default). The Fourth Circuit has held that a finding of default under the rule of Slayton

v. Parrigan is an independent and adequate state law ground that precludes federal review absent a

showing of cause and prejudice for the default. Prieto v. Zook, 791 F.3d 465, 468 (4th Cir. 2015)

(citing Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).); Reid v. True, 349 F.33d 788,

805 (4th Cir. 2003) (citing Wright v. Angelone, 141 F.3d 151, 159-60 (4th Cir. 1998)). The

---

[6] As noted previously, the state habeas petition expressly stated that each claim alleged ineffective assistance of
counsel (Hab. R. at 5, ⁋ 16(b), 368).

existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). To show "prejudice," a petitioner must show an alleged constitutional violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995). Goodall's ineffective assistance claims have no merit and therefore do not establish the requisite cause to excuse his procedural default barring federal habeas review.

The ineffective portion of Ground 9 has no basis in fact, and counsel is not required to raise a futile objection. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) ("Counsel is not required to engage in the filing of futile motions."). As noted in discussing Ground 8, the record established that he had been convicted of two prior distribution offenses. See, supra at 23-24.

In Ground 10, Goodall alleges his attorney was ineffective for not objecting to Detective Partin's testimony on why he came into contact with the petitioner. Again, the Court addressed virtually the same claim in dismissing Ground 4. See, supra at 14. Ground 10 fails to state a claim of ineffective assistance of counsel under either prong of Strickland v. Washington.

In Ground 11, Goodall alleges his attorney was ineffective for not objecting to the allegedly unsigned indictments, which is disproved by the record. See, supra at 10-11. Ground 11 will be dismissed for failure to state a claim of ineffective assistance of counsel under either prong of Strickland v. Washington.

In Ground 16, Goodall alleges his attorney was ineffective for not objecting to the circuit court's jurisdiction because the prosecution had failed to prove the offenses occurred in the

circuit court's jurisdiction. The claim is identical to Ground 5, see, supra at 14-18, and will be dismissed for failure to state a claim of ineffective assistance of counsel under either prong of Strickland v. Washington.

### J. Ground 12

In Ground 12, Goodall alleges his attorney was ineffective because he failed "to create any defense and a lack of due diligence." [Dkt. No. 1 at 24]. Respondent acknowledges this claim is exhausted and was raised as Claim 14(a) in state habeas. Goodall provides no specifics in his federal petition, but he alleged in state habeas that his attorney did not properly prepare the defense for witnesses in his favor to properly confront other witnesses, and properly raise the issues on appeal "by design." The circuit court dismissed the claim stating:

> Petitioner first alleges in claim 14(a) that trial counsel was ineffective for "not properly preparing the defen[s]e for witnesses in the Petitioner's favor to properly confront witnesses, and properly raise the issues on appeal by design." It is not clear to this Court what petitioner is asserting, nor does he elaborate on the claim sufficiently to enable this Court to determine the meaning and merit contained within, if there be any. Petitioner instead makes a "bare allegation" of error, does not proffer what counsel should have done, and does not show how this was prejudicial or impacted the trial. See Muhammad v. Warden, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007); cf. Nickerson v. Lee, 971 F.2d 1125, 1135 (4th Cir. 1992) (a "bare allegation" of constitutional error not sufficient for relief), See also Code § 8.01-655 (requiring petitioner to state facts he relies upon which make his detention unlawful). Accordingly, the allegations of claim 14(a) are insufficient on their face to establish either prong of the demanding Strickland test and the claim is dismissed.

(Hab. R. at 431-32). The Fourth Circuit has found conclusory allegations like those set forth in Ground 12 fail to establish Strickland prejudice. See United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004) ("[C]onclusory allegations are insufficient to establish the requisite prejudice under Strickland"); accord Johnson v. United States, 294 F. App'x 709, 710-11 (3d Cir. 2008) (vague and conclusory claim did not establish prejudice under Strickland).

The state court, in denying this claim, did not render a decision that was contrary to or

involved an unreasonable application of clearly established federal law, nor was the decision

based on an unreasonable determination of the evidence presented in the trial court under 28 U.S.

Code § 2254(d). Ground 12 will be dismissed.

*K. Ground 13*

In Ground 13, Goodall alleges his attorney was ineffective because he failed to object to

Detective Kline's evidence and testimony. Respondent admits this claim is exhausted, and that

petitioner raised it as Claim VIII in the state circuit court. The circuit court made the following

findings of fact and conclusions of law in dismissing it.

> Petitioner's ... claim VIII ... alleges that counsel was ineffective for "failing to
> renew his objection to all evidence and testimony of detective Thomas Kline."
> Petitioner's claim is, in essence, that counsel failed to object to the testimony of
> the detective or to the admission of two maps that were introduced through the
> testimony of the detective in order to establish venue. However, the record belies
> petitioner's claim as the record shows that counsel did timely object to the
> detective's testimony, but did not object to the admission of the two maps. Thus,
> petitioner can only claim that counsel was ineffective for failing to object to the
> maps evidence, not the testimony, as, by petitioner's own admission and as the
> record also reflects, counsel objected to the testimony of the detective.

> Petitioner fails to show deficient performance as required by <u>Strickland</u> for
> counsel's failure to object to the two maps, as counsel is not ineffective for failing
> to pursue a frivolous argument or objection. <u>Morva v. Warden of the Sussex I</u>
> <u>State Prison</u>, 285 Va. 511, 524, 741 S.E.2d 781, 791, (2013). See also <u>Moody v.</u>
> <u>Polk</u>, 408 F.3d 141, 151 (2005) (citing <u>Murray v. Maggio</u>, 736 F.2d 279, 283 (5th
> Cir. 1984) (counsel not required to engage in filing of futile motions));
> <u>Washington v. Murray</u>, 952 F.2d 1472, 1481 (4th Cir. 1991) (no ineffective
> assistance where counsel failed to object to admissible evidence); <u>Correll v.</u>
> <u>Commonwealth</u>, 232 Va. 454, 252 S.E.2d 352 (1987) (counsel not ineffective for
> failing to make meritless objection). Petitioner's proposed objection is frivolous
> as the Virginia Supreme Court has specifically endorsed a court's taking judicial
> notice of maps of common use. See <u>McClain v. Commonwealth</u>, 189 Va. 847,
> 853, 55 S.E.2d 49, 52 (1949), <u>see also</u> <u>Keesee v. Commonwealth</u>, 216 Va. 174,
> 175, 217 S.E.2d 808, 810 (1975). Additionally, petitioner does not state the
> grounds for the objection, what specifically was objectionable about these maps,
> or a factual basis sufficient to allow this Court to determine by a preponderance of
> the evidence that petitioner is entitled to relief under this claim. See <u>Smith [v.</u>
> <u>Brown]</u>, 291 Va. [260,] 267, 781 S.E.2d [744,] 749 [(2016)], <u>see also</u>
> <u>Muhammad</u>, 274 Va. at 17, 646 S.E.2d at 194. Accordingly, this Court finds that

petitioner has failed to demonstrate deficient performance regarding claim VIII and the claim is dismissed.

* * *

Lastly, this Court finds that petitioner cannot meet the second prong of Strickland, that of prejudice. Petitioner's only claim that reaches the merits is claim VIII regarding counsel's failure to object to the admission of two maps. Petitioner cannot show a reasonable probability that the result of the proceeding would have been different if counsel had objected. This is because there was other evidence of venue, namely the testimony from Detective Kline that he measured the distance from the location of the crime to the Chesterfield county line, using the odometer in his car. Thus, even if the maps had not been admitted, the strongest evidence, the detective's direct testimony, was still admitted and was sufficient standing alone to prove venue. Thus, the result would have been the same without admission of the maps. Additionally, petitioner does not show how the maps themselves were inadmissible, thus there is no showing of a reasonable probability of the maps not being admitted and therefore of a different result.

(Hab. R. at 432-33, 435-36).

The state court's dismissal of Ground 13 was neither contrary to or an unreasonable application of clearly established federal law, nor was its decision based on an unreasonable determination of the evidence presented in the trial court. See 28 U.S. Code § 2254(d). Accordingly, Ground 13 will be dismissed.

*L. Ground 14*

In Ground 14, Goodall alleges his counsel was ineffective because he failed to investigate facts and failed to object to a video tape. Petitioner maintains that he raised this claim in state habeas, and respondent argues it was not raised and is defaulted. Upon review of the state habeas record the claim was raised in a response to the motion to dismiss. (Hab. R. at 390). Petitioner did not move the circuit court for leave to amend to include the claim, and under such circumstances the claim is defaulted for purposes of federal habeas review. See Truman v. White, No. 1:20cv602, 2021 U.S. Dist. LEXIS 7858, *41-42 (E.D. Va. Jan. 14, 2021) ("the Fourth Circuit has previously held, under Virginia law, 'unless a petitioner seeks leave to amend his state habeas petition, the [state] court is without jurisdiction to entertain any additional claims

in a new state habeas petition.'") (citing <u>Hedrick v. True</u>, 443 F.3d 342, 364 (4th Cir. 2006) (citing <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)).

Even if not defaulted, however, the claim has no merit. Goodall is under the false impression that the prosecution had to obtain a warrant or court order under the state wiretap statute to video tape the transactions. [Dkt. No. 1 at 27 (citing Va. Code § 19.2-68). Petitioner had no expectation of privacy in his conversations and there was no need to apply for an intercept order under the Virginia statutes.[7] Ground 14 will be dismissed.

*M. Ground 15*

In Ground 15, Goodall alleges counsel was ineffective because he failed to object to the jury instruction that stated he had been convicted of a third offense drug charge. Respondent admits the ground is exhausted because petitioner raised this claim as Claim 10 in the state habeas proceedings. (Hab. R. at 386). In dismissing the claim, the circuit court found the claim alleged

> that counsel was ineffective for failing to object to a jury instruction stating that petitioner had already been convicted of a third offense, because this instruction prejudiced petitioner as it eliminated the Commonwealth's burden to prove the element of any prior convictions. However, the record belies this claim as well, as the jury was not instructed at any point that it had to consider the element of whether petitioner had ever been convicted of any prior offenses as conclusively established for any of the charged crimes where that was an element, nor does petitioner point to the place in the record where this instruction was given, the specific jury instruction number, or anything else which allows this Court to determine which instruction he is currently challenging.

---

[7] The subsequent petition for appeal does not address the admission of the video tape or counsel's failure to object. (VSCT R. at 4-36). Videos of the January 22, 2016 transaction (T. at 168, 171-72), the January 28, 2016 transaction (T. 203, 206-07), and February 10, 2016 (T. 220, 227-28) were all played at trial. In all three instances, Detective Partin was present during each video with Goodall. (171, 208-09, 227). In Virginia, recorded conversations by a party to a conversation, even if a law enforcement officer or a person acting as an agent of law enforcement, "do[] not fit the definition of an 'oral communication'" within the meaning of Virginia's wiretap statutes. <u>Carpenter v. Commonwealth</u>, 654 S.E.2d 345, 352 (Ct. App. Va. 2007) (holding the appellant's statements were not an "oral communication" within the meaning of Code § 19.2-61, and there was no statutory violation). <u>Carpenter</u> also held that the recording did not violate the appellant's Fourth Amendment rights. <u>Id.</u> (noting appellant had "no constitutionally protected expectation that a person with whom he converses will not reveal the substance of that conversation to the police") (citing <u>United States v. White</u>, 401 U.S. 745, 751 (1971)).

The jury was instructed regarding the charges of distribution of a schedule I or II controlled substance, third offense. All of these instructions properly stated that the Commonwealth was required to prove beyond a reasonable doubt that petitioner had previously been convicted of two or more violations of Code § 18.2-248 with a schedule I or II substance or of a substantially similar offense in another jurisdiction. The jury was also instructed that evidence that the petitioner was previously convicted of a similar offense was not to be considered as proof that he distributed a schedule I or II substance in the current case. The jury was further instructed that prior convictions were an element the Commonwealth had to prove to convict petitioner of the charges of conspiracy to distribute a schedule I or II substance, and that prior convictions of a similar offense could not be considered as proof in the current conspiracy charges. Thus, there was no instruction given that made convictions of prior offenses a "foregone conclusion," rather, the instructions given to the jury required the Commonwealth to prove beyond a reasonable doubt that the petitioner had been convicted of any previous offenses alleged.

Petitioner does not point this Court to anything in the record or transcripts that says otherwise. Petitioner notes that this claim was "preserved at Tr. 90", however, on page 90 of the transcript of the trial, the attorneys were exercising their peremptory strikes while this Court laid out a "road map" of the trial proceedings for the jury. Petitioner does not point to the specific number of the jury instruction or any specific language of the instruction to help this Court determine which instruction is challenged, beyond that it allegedly told the jury that petitioner "had already been convicted of a 3rd offense." No such instruction exists. Thus, this Court finds that claim [10] necessarily fails as what petitioner challenges as ineffective assistance did not occur, as counsel could not object to an instruction that was not given, therefore petitioner cannot meet the high bar of Strickland and the claim is dismissed.

(Hab. R. at 433-35).

The state court's dismissal of Ground 15 was neither contrary to or an unreasonable application of clearly established federal law, nor was its decision based on an unreasonable determination of the evidence presented in the trial court. See 28 U.S. Code § 2254(d). Accordingly, Ground 15 will be dismissed.

*N. Ground 17*

In Ground 17, Goodall alleges that the circuit court violated Rule 3A:24 of the Supreme Court of Virginia and his Fifth and Fourteenth Amendment rights by entering an order that contained no finding of fact or conclusion of law when denying his habeas petition. Respondent

admits this claim was raised on appeal to the Supreme Court of Virginia. The Fourth Circuit, however, has held that "'claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief.'" Sigmon v. Stirling, 956 F.3d 183, 193 (4th Cir. 2020) (quoting Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)); see also Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application.") (alterations, citations, and internal quotation marks omitted)); United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[D]ue process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding.").[8] Accordingly, Ground 17 will be dismissed.

### IV. Conclusion

For the foregoing reasons, the motion to dismiss the petition must be granted and the petition must be dismissed with prejudice and an appropriate Order shall issue.[9]

Entered this 22nd day of ___February___, 2022.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

---

[8] The Fourth Circuit has observed that "even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Lewis v. Jeffers, 497 U.S. 764, 780, (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law").

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.